## PERRY GILWORTH v. SAMUEL L. CODY.

HOMESTEAD; *Intention; Law; Discharge of Attachment Lien, No Error.* C. purchased, on December 1st, 1877, eighty acres of land outside the limits of any city or town, for the purpose and with the intent of its present use as a residence for himself and family. The occupation of the premises as a homestead by C. was a part of the consideration of the sale to him. The land was vacant and unoccupied at the date of the purchase, and C., in pursuance of his intention to make the premises his homestead, commenced at once to dig a cellar and haul stone for a dwelling-house thereon. On December 5th, 1877, he started to a neighboring town to purchase materials out of which to erect the dwelling-house. He made such purchase, and returned with the materials on December 7th. He unloaded the materials adjoining the premises, and on the same day, after the materials were so unloaded, the premises were levied upon, under an order of attachment issued at the instance of one G. C. continued the construction of his dwelling-house, and completed the same December 28th, 1877. He moved at once with his family into the dwelling, and has since occupied it as the residence of himself and family. *Held,* That the premises were exempt as a homestead from seizure when the attachment was levied, and that the district court committed no error in discharging the alleged attachment lien of G. on the property.

*Error from Sumner District Court.*

AT the April Term, 1878, of the district court, in an action wherein *Gilworth* was plaintiff and *Cody* was defendant, the court sustained defendant's motion to dissolve an order of attachment levied upon certain real estate taken as the property of the defendant. The plaintiff complains of this ruling, and brings the case here on error. The facts sufficiently appear in the opinion.

*Thos. George,* and *Harris & Harris,* for plaintiff in error.

*Howarth & Lawrence,* and *McDonald, Hackney & McDonald,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The question in this case is, whether the real estate attached at the instance of the plaintiff in error is

exempt from forced sale as the homestead of the defendant in error. The findings of fact are as follows:

The defendant, Samuel L. Cody, on the 1st day of December, 1877, was an actual resident of the county of Sumner, and was not the owner of any real estate in the state of Kansas or elsewhere, and on that date he purchased the real estate in controversy for a homestead for himself and family, and paid for the same, with the intention of moving thereon with his family, and this he so stated at the time of said purchase. The occupation of said land as a homestead was a part of the consideration of the sale thereof to him by Francis Hoage, who occupied an eighty-acre tract adjoining, and but for his promise to so occupy said land as aforesaid, the sale thereof could not have been consummated; that said land was vacant and unoccupied at the date of the purchase. The defendant, in pursuance of his intention to make the said land his homestead, commenced to dig a cellar and hauled three loads of stone for a foundation for the dwelling-house hereinafter mentioned, and unloaded said stone at such cellar on said premises, and on the 5th day of said month he started to Wichita for the purpose of purchasing the material out of which to erect a dwelling-house on the land; that he made said purchase and returned with the same on the 7th day of said month, and unloaded the lumber on the land adjoining the land where he had previously excavated said cellar and unloaded the stone for such foundation, and within 100 feet of the line of said land; that the levy herein was made on said land on the 7th day of December, 1877, before the lumber was ever on the said land, but after the same was unloaded as above set forth — but the levy was made before the defendant commenced the erection of the dwelling-house proper thereon; that at the date of said levy there was no house or building thereon, and that said defendant never lived on said land until after the levy; that immediately thereafter the defendant commenced the erection of a dwelling-house on said land, (upon which he had previously excavated a cellar and prepared the foundation as aforesaid,) and

that he finished the said dwelling on the 28th of December, 1877; that the same was erected upon said land, and the material used was that purchased at Wichita and unloaded as aforesaid; that said dwelling-house is 14x16 in size, and one story high; that on the 28th day of December, 1877, the day upon which the defendant finished the dwelling-house, he with his family moved into the same, and from that date until the present time has lived in said house and occupied the land with his family as their homestead, and now occupies the same as aforesaid with his family, and that during the said occupancy the defendant has broken about fifteen acres thereof; that said tract of land contains eighty acres and no more, and that the same constitutes the sole and only real estate owned by the defendant at any time since the first day of December, 1877, in the state of Kansas or elsewhere.

Upon these findings the court below held that the defendant purchased the eighty acres for a homestead for himself and family; that the improvements were made thereon and occupied by the defendant and family as a homestead within a reasonable time after the purchase; and that therefore a homestead inviolability attached to the premises. Thereupon the attached property was discharged from the alleged lien created by the levy.

Under the circumstances of the case, it seems to us the court did not err in holding it exempt as a homestead. It is true that our constitution and statutes provide that "occupation as a residence by the family of the owner" of property is necessary to impress upon it the character of a homestead, but nearly all the courts, including our own, concur in holding that when a home, residence or settlement has been once acquired on lands, it is not necessary that there should be a continuous actual occupancy to secure the homestead so acquired from forced sale. (*McDowell v. Diefendorff*, Dassler's Digest, p. 92, § 23; *Hixon v. George*, 18 Kas. 253.)

Again, this court has held that the proceeds arising from the forced sale of a homestead are exempt from any execution issued on any judgment which was not a lien on such

homestead, so long as the judgment debtor desired and expected to use the money in purchasing another homestead or in redeeming the former homestead from the sale. (*Mitchell v. Milhoan*, 11 Kas. 617.)

In *Williams v. Swetland*, 10 Iowa, 51, it was decided that where the owner, being a married man, lived upon premises in that state with his housekeeper, and his wife and children lived in Massachusetts, and had a home there, that the premises in Iowa were occupied as a homestead.

These decisions clearly establish the doctrine that our homestead laws, beneficial in their operation and founded in a wise policy, should be liberally construed, so as to carry out their spirit. Considered in this light, in this case there was such an actual purpose and intention of present occupancy, accompanied with such acts on the part of the defendant in error in the commencement and completion of his dwelling, together with his residence therein with his family, that this might reasonably be held to amount in substance to actual occupancy at the date of the levy. While therefore we hold, within the terms of the law, that occupation is an essential element to secure a homestead inviolability, under the exceptional circumstances which appear from the findings of the court, the intentions and acts of the purchaser of the land in controversy may be construed into a legal equivalent of actual occupancy of such premises. Law is entitled to and can command respect only when it is reasonable and adapted to the ordinary conduct of human affairs, and the construction we have given above to the provisions securing homestead exemptions is certainly within their spirit, and more in consonance with a reasonable interpretation thereof, than if we adopted the opposite conclusion. In support of these views, we quote the language of our brother BREWER, in the case of *Edwards v. Fry*, 9 Kas. 425:

"We know the spirit which animates the people of Kansas, the makers of our constitution and laws, on this homestead question. We note the care with which they have sought to preserve the homestead inviolate to the family. We have no

disposition to weaken or whittle away any of the beneficent, constitutional, or statutory provisions on the subject. We know that the purchase of a homestead, and the removal upon it, cannot be made momentarily cotemporaneous. It takes time for a party in possession to move out, and then more time for the purchaser to move in. Repairs may have to be made, or buildings partially or wholly erected. Now the law does not wait till all this has been done, and the purchaser actually settled in his new home, before attaching to it the inviolability of a homestead. A purchase of a homestead with a view to occupancy, followed by occupancy within a reasonable time, may secure *ab initio* a homestead inviolability."

In the case of *Swenson v. Kiehl*, ante, 534, he further remarks, that "occupancy is not always possible at the instant of purchase, and that a reasonable time is allowable in which to prepare for and complete the removal to and occupation of the intended homestead; but the purchase must be for the purpose and with the intent of present, and not simply of future, use as a residence." (See also, *Neal v. Coe*, 35 Iowa, 407.)

The order and judgment of the district court are affirmed.

BREWER, J., concurring.

VALENTINE, J.: I concur in the decision of this case, upon the grounds stated by the Chief Justice. I do not wish to be understood as indorsing the doctrine that a homestead right, under the exemption laws, may be acquired in real estate in any other manner than by *occupancy*, coupled with an *intention* of making the property a homestead.