AUGUST LIEBETRAU *vs.* WALLACE GOODSELL and others.

March 16, 1880.

**Lien of Judgment on After-acquired Homestead.**—On February 19, 1877, G. & H. recovered and duly docketed a district court judgment against L. On March 22, 1877, L. purchased a piece of land as and for the purpose of a homestead for himself and family. Immediately after purchasing the same, L. proceeded to erect a dwelling thereon, and on or about April 1, 1877, he, with his family, removed into and occupied the said dwelling and premises, and ever since he and his family have resided upon and occupied said premises as his homestead. *Held*, (following *Kresin* v. *Mau*, 15 Minn. 116, and *Kelly* v. *Dill*, 23 Minn 435,) that said premises are subject to the lien of the judgment aforesaid, and to sale upon execution to satisfy the same.

Plaintiff brought this action in the district court for McLeod county, to set aside a levy, sale and certificate of sale on execution, of certain real estate in that county, alleged to be his homestead. The action was tried by *Macdonald, J.*, whose findings of fact were, in substance, as follows: On February 19, 1877, the defendants recovered a judgment against the plaintiff, which was duly docketed on that day in McLeod county. On February 28, 1878, execution issued thereon and was delivered to the sheriff, who, by virtue thereof, levied on the real estate in question, and sold the same, after proper notice, to the defendants, and executed and delivered to them the proper certificate of sale. On March 22, 1877, (after the docketing of the judgment and before execution issued,) the judgment debtor (plaintiff in this action) purchased the real estate in question, and began building a house thereon, into which he moved with his family on April 1, 1877, and has ever since occupied the same as his homestead. After the levy and before the sale, the plaintiff notified the sheriff that the premises were his homestead, and occupied as such. Upon these facts, judgment was ordered and entered for the plaintiff for the relief prayed in the complaint, and the defendants appealed.

27

*Edson & Little,* for appellants.

*N. T. Hauser* and *A. P. Fitch,* for respondent.

BERRY, J.  In *Kresin* v. *Mau,* 15 Minn. 116, it was held that "to sustain the claim of the owner of land to hold the same as a homestead exempt from forced sale, his residence or dwelling-house must be, or must have been, situated thereon." This rule was followed and applied in *Kelly* v. *Dill,* 23 Minn. 435. In the latter case it appeared that one Gilmore purchased a piece of land for a homestead, and intending to make it such; that neither at the date of purchase, nor afterwards, did he own any other land or homestead, and that he had begun to make arrangements for moving upon the land, and living thereon as his homestead. Before, however, he had taken up a residence upon the land, an attachment was issued thereon. This court held that the land was not his homestead at the time when the attachment was levied; that it was not exempted until it became such homestead, and was so occupied; and that, until that time, it stood as any other property, and was subject to seizure upon attachment for the owner's debts. It was further held that the owner could not defeat the lien of an attachment previously levied upon the land, by moving upon it, and making it his homestead, but that the attaching creditor, having, by his seizure, secured a lien which was a vested right, might lawfully proceed to sell the land upon a judgment recovered, and an execution issued, in the action in which the attachment was made, notwithstanding the fact that, in the interim between the levying of the attachment and the recovery of the judgment, the owner of the land had moved upon the same, and, with his family, had gone into occupation of it as a homestead. We perceive no ground upon which the case at bar can be distinguished from *Kelly* v. *Dill.*

Judgment reversed.