JAMES CAMPION, Jr., and another *vs.* J. C. WHITNEY and others.

January 27, 1883.

**Release of Mortgage of Surety by Extension of Time to Principal—
Effect on Junior Liens.**—A land mortgage made by A., as surety for
B., to C., is discharged by an extension granted to B. by C. without A.'s
consent. The discharge is available not only in favor of A., but also in
favor of A.'s judgment creditor, whose judgment is a lien upon the mort-
gaged premises. After the lien has attached, it is not affected by A.'s
waiver of the discharge.

Plaintiffs brought this action in the district court for Olmsted
county, to restrain the defendants from foreclosing the mortgage
mentioned in the opinion, and asking to have it declared void as
against their judgments against defendant Thomas Campion. The
action was tried before *Start*, J., without a jury, and upon the facts
found, which are recited in the opinion, judgment was ordered and
entered, declaring the mortgage a valid lien for the amount due on
it, and the plaintiffs appealed.

*Chas. C. Willson*, for appellants.

*Kellogg & Eaton*, for respondents.

The right of a surety to a release by reason of an extension of time
is a personal privilege that must be taken advantage of by the surety
himself, or his personal representatives. It only gives the surety an
inchoate right which he may take advantage of or waive. A verbal
waiver is sufficient. Brandt on Suretyship, §§ 21, 212, 300; *Fowler*
v. *Brooks*, 13 N. H. 240; *Rindskopf* v. *Doman*, 28 Ohio St. 516;
*Bank* v. *Johnson*, 9 Ala. 622.

BERRY, J.* In March, 1872, Cornelius and Thomas Campion
made their note, payable in two years, for $389.46 to Bastian, and,
to secure the same, mortgaged to him 80 acres of land, of which
Thomas was owner. The note was given for money borrowed of
Bastian by Cornelius for his own exclusive use and benefit. By as-

*Gilfillan, C. J., because of illness, took no part in this case.

signment the note and mortgage came to defendant J. C. Whitney. Of the indebtedness secured by the mortgage, $248.19 remains unpaid. In June, 1880, J. C. Whitney, (then owner of the note and mortgage,) through an agent, extended the time of payment of the mortgage debt, by surrendering the note, and taking in its stead a new note, payable in five years, signed by Cornelius alone, and sesured by a mortgage made by Cornelius and his wife upon the 80 acres of land mentioned, and other lands. At the time of the surrender of the old note and the taking of the new note and mortgage, Whitney's agent knew that Cornelius Campion was the principal debtor on the original note. Thomas Campion had no knowledge of the extension at the time when it was consummated. On July 13, 1880, James Campion, Jr., and on January 13, 1881, John M. Campion, (the two plaintiffs,) recovered judgments against Thomas Campion, which have been duly docketed. Sundry other facts are found, but none which we regard important here. The position of the plaintiffs, in substance, is that the original mortgage is discharged by the extension mentioned, and that, therefore, the liens of their judgments are not subject to the same.

Upon the facts above recited it is clear that Thomas Campion was a surety for Cornelius upon the original note and mortgage, and this being, in legal contemplation, (*Lebanon Savings Bank* v. *Hollenbeck,* 29 Minn. 322,) known to J. C. Whitney when he gave the extension without Thomas Campion's knowledge or consent, it is equally clear that, as between them, the extension operated to discharge Thomas Campion and to discharge his mortgage also. *Wheaton* v. *Wheeler,* 27 Minn. 464; *Agnew* v. *Merritt,* 10 Minn. 242, (308;) *Allis* v. *Ware,* 28 Minn. 166; Brandt on Suretyship, §§ 19–22; *Gahn* v. *Niemcewicz,* 11 Wend. 312; *Smith* v. *Townsend,* 25 N. Y. 479.

The principal question in the case is whether the discharge inures to the benefit of the plaintiffs as judgment creditors of Thomas Campion, holding liens upon a portion of the mortgaged property, to wit, 50 acres, remaining in him when the judgments were docketed. In our opinion this question must be answered in the affirmative. Their liens bind all the right and interest held by Thomas Campion in the 50 acres when their judgments were docketed. That was a right and

interest discharged of the incumbrance of the mortgage. Hence we can conceive of no reason why the plaintiffs do not, to the extent of their liens, stand precisely where Thomas Campion stood at the time when the liens attached, and therefore no reason why their liens are not also free from the incumbrance of the mortgage. While we find no case which in terms supports this proposition, we think that *Barnes* v. *Mott*, 64 N. Y. 397, furnishes a valuable analogy as respects the principle involved. See, also, *Loomer* v. *Wheelwright*, 3 Sandf. Ch. 148.

But it is said that Thomas Campion might waive the discharge. What would have been the effect of a waiver taking place before the plaintiffs' liens attached, we have no occasion to consider at this time, none such having been found. As to the waiver said to have occurred *after* the attaching of the plaintiffs' liens, it cannot relate so as to impair the valuable rights accruing to plaintiffs from the taking effect of their liens. *Stein* v. *La Dow*, 13 Minn. 381, (412.)

The judgment is reversed and the case remanded, with directions to enter judgment for the plaintiffs in accordance with this opinion.