FLORENCE A. BAILLIF *vs.* VICTORINE GERHARD and others.

February 11, 1889.

Homestead — Loss by Removal — Right of Surviving Husband or Wife. — Where a homestead right has been lost by removal and failure to file the notice required by Gen. St. 1878, c. 68, § 9, the premises do not pass to the surviving husband or wife, under section 2, c. 46, same statute.

In the settlement of the final accounts of Florence A. Baillif, as administratrix of the estate of her deceased husband, the probate court of Hennepin county, on objection by the heirs-at-law, disallowed

her claim to certain premises as the homestead, and charged her with the rents received for them, and in the final decree of distribution the same court held that the premises in question did not constitute a homestead. From the order on the accounting and from the decree she appealed, on law and facts, to the district court for the same county, where the matter was heard by *Hicks*, J., on agreed facts, and the order and decree affirmed. This appeal is from an order refusing a new trial.

*Jackson, Atwater & Hill*, for appellant.

*Wilson & Lawrence*, for respondents.

GILFILLAN, C. J. John Victor and Florence A. Baillif were married February 19, 1879, and about September 1, 1879, moved into, and until June 1, 1881, occupied as their home, a house situate on a lot in Minneapolis, which, as appears, belonged to John Victor during that time, and until his death. At the last date they went to her father's, in Bloomington, Hennepin county, where they remained three months, and then returned to Minneapolis, and lived in rented rooms till John Victor died, June 30, 1882. During their absence from their first residence it was rented from month to month. No other homestead was ever selected or occupied by them. No notice, claiming the homestead, was ever filed with the register of deeds, but at the time of John Victor's death they were preparing to move back into the house. The question presented is, was the house and lot a homestead, within the meaning of section 2, c. 46, Gen. St. 1878, which reads: "The surviving husband or wife shall also be entitled to hold for the term of his or her natural life, free from all claims on account of the debts of the deceased, the homestead of such deceased, as such homestead is or may be defined in the statutes relating to homestead exemptions." This does not attempt to say what a homestead is, but leaves the description or definition of it to the statute relating to homestead exemptions, and we must turn to that statute to ascertain what passes to the surviving husband or wife under the section we have quoted. Section 1, c. 68, Gen. St. 1878, defines a homestead, and prescribes in general what is necessary to constitute one; and by the terms of that section it is essential that it should be "owned and occupied" by the claimant. This is modi-

fied by section 8, which provides that removal by the owner, or a sale by him, shall not render the homestead liable to forced sale on execution or other process, and section 9, which provides: "Whenever the owner of a homestead under the laws of this state shall remove therefrom, and cease to occupy the same as such homestead for a period of more than six consecutive months, his right to claim the same as such shall cease and determine on the expiration of such period of six months, unless prior thereto he shall file in the office of the register of deeds" notice of his claim, etc. It has never been supposed that a homestead could exist without actual occupancy, except, in so far as having been once acquired by occupancy, it may, after the occupancy has ceased, be preserved by the provisions of sections 8 and 9,—that is, for six months without filing notice, and for a longer period only by virtue of the notice filed. The premises in question had therefore, in the lifetime of John Victor, lost their character of homestead, and could not, as such, pass to the widow. It may be a defect in the law that the surviving husband or wife may lose the right intended by section 2, c. 46, through the mere neglect of the deceased in his or her lifetime to file the notice required to preserve the homestead beyond the six months. But, if so, the remedy is with the legislature.

Order affirmed.