WUNIBALD NEUMAIER *vs.* D. W. VINCENT.

October 14, 1889.

Homestead—Judgment.—On August 6, 1886, one K. purchased and, with his family, went into immediate possession of a lot within the platted portion of the city of St. Cloud. From the time he so took possession up to and including the 16th day of March following, on which day he sold to plaintiff, he continually resided upon, occupied, and claimed said premises as his homestead. The defendant asserted a lien upon the same by virtue of a judgment duly entered and docketed by him in the county in which said property was situated, against said K., on the 12th day of March, 1886. *Held,* that the lien of defendant's judgment did not attach.

Appeal by defendant from a judgment of the district court for Stearns county, where the action was tried by *Searle,* J.

*O. W. Baldwin,* for appellant.

v.41M.—31

*H. Hansen* and *Theo. Bruener*, for respondent.

COLLINS, J. The facts in this case may be very briefly stated as follows: On the 6th day of August, 1886, one J. D. Kowalkowski purchased a lot situated within the platted portion of the city of St. Cloud. With his family he went into immediate possession of the same, and upon said day, and continuously thereafter up to and including the 16th day of March following, on which day he sold to this plaintiff, resided upon, claimed, and occupied the premises as his homestead. The defendant herein asserts a lien upon the property by virtue of a judgment in his favor against said Kowalkowski rendered and docketed in the proper county on March 12, 1886, about five months prior to the aforesaid purchase by the latter. The plaintiff demanded in his complaint that this claim of lien be adjudged null and void, and this relief was granted in the court below. The finding of fact, made by consent of both parties, as appears from the record, is that immediately upon his purchase the judgment debtor took possession of and occupied the premises as his homestead. He instantaneously went into the actual occupancy of the property, claiming it as exempt under the laws of the state, and continually thereafter resided upon the same until he sold to plaintiff. There was no intervening space of time, no appreciable or perceptible interval, between the act which made him the owner, and that of occupancy. He took possession instantly, and we are of the opinion that there was no period in which the lien of the judgment attached, as against the homestead right. To so hold we are not compelled to modify or retract anything which may have been written in *Kelly* v. *Dill*, 23 Minn. 435, or in *Liebetrau* v. *Goodsell*, 26 Minn. 417, (4 N. W. Rep. 813,) as the facts in those cases are easily distinguished from those existing in the case at bar. Nor are we obliged, in so holding, to adopt the views—based upon statutes practically the same as the one now under consideration—set forth in *Edwards* v. *Fry*, 9 Kan. 417; *Gilworth* v. *Cody*, 21 Kan. 702; *Scofield* v. *Hopkins*, 61 Wis. 370, (21 N. W. Rep. 259;) *Reske* v. *Reske*, 51 Mich. 541, (16 N. W. Rep. 895;) *Deville* v. *Widoe*, 64 Mich. 593, (31 N. W. Rep. 533.) To otherwise interpret the statute relating to exemptions—to construe it as strictly as the appellant insists—would be to say that the purchase and occupation

of real property cannot be concurrent in point of time, and that the humane and beneficent provisions of the homestead law, open to the ordinary debtor, cannot be made available by the person against whom a judgment may be docketed in the county in which he may desire to reside, under any circumstances. This law must not be so construed as to render it valueless in the very cases where its protection is most needed. *Jacoby* v. *Parkland Distilling Co., supra,* p. 227.

Judgment affirmed.