PAUL QUEHL, Assignee, *vs.* HENRY PETERSON, impleaded, etc.

July 17, 1891.

Homestead—Occupancy—Removal—Intention to Return.—The terms "occupancy" and "residence," as used in the homestead exemption laws, refer to an actual occupancy of the premises, and an actual residence thereon as a home or dwelling-place. Hence, if the owner removes from and ceases to actually occupy the premises for more than six months, without filing the notice required by Gen. St. 1878, c. 68, § 9, his right to claim the same as a homestead ceases, although he may have removed therefrom with the intention of returning and resuming his occupancy at some future time. Neither will this right be regained by his mere intention and preparation to return, unaccompanied by an actual resumption of his occupancy.

Appeal by defendant Peterson from an order of the district court for Ramsey county refusing a new trial after a trial by *Cornish,* J.,

(a jury being waived,) who held the plaintiff entitled to $200.12, the amount of the insurance-money which was the subject of the litigation, and ordered judgment accordingly.

*Frederic A. Pike*, for appellant.

*Arthur P. Lothrop*, for respondent.

MITCHELL, J.   The defendant was the owner of a house and lot, on which he resided with his family and occupied as his homestead until December, 1888, when he removed from the premises, and took up his residence elsewhere in a rented house.   He removed with the intention of returning in the spring of 1889, but was prevented by the condition of his wife's health.   In February, 1890, he bought some lumber, and went to work repairing the house, preparatory to moving back into it in the following April.   On March 5, 1890, while he was thus at work, the building, which was insured, was destroyed by fire.   On March 15, 1890, he made an assignment of all his property not exempt from execution to the plaintiff for the benefit of his creditors.   After the fire, and after the execution of the assignment, defendant erected a temporary building on the lot, and with his family moved into it, and lived there until November, 1890. No notice designating and claiming the premises as a homestead was ever filed, as provided by Gen. St. 1878, c. 68, § 9.   Other facts are stipulated by the parties, but are not material for the purposes of this appeal.   This is a contest as to whether the plaintiff, as assignee, or the defendant is entitled to the proceeds of the policy of insurance on the house.   This, of course, depends upon the question whether the house and lot passed to the plaintiff under the assignment; and this, in turn, depends upon the question whether the premises were on March 15, 1890, the date of the assignment, exempt from execution as defendant's homestead.   The case therefore turns entirely upon the construction of the statute relating to homestead exemptions.   Sections 1, 8, and 9, of chapter 68 of the General Statutes of 1878 are the only provisions having any special bearing upon the present case.   It will be observed from the statement of facts that the defendant had removed from and ceased to actually occupy the premises as a residence about one year and three months before the date of the execution of the assignment to plaintiff, and that he did

not resume his actual residence and occupancy of them until after the assignment, and that no notice designating and claiming the premises as a homestead was ever filed, as required by statute.

Very little aid will be obtained from an examination of cases construing the homestead exemption laws of other states, for both judicial and legislative construction, from an early date, have united in attaching a fixed and definite meaning to the words "occupancy," "residence," and "removal," as used in the homestead exemption laws of this state, which can now be changed only by legislative enactment. The terms "occupancy" and "residence" have invariably been construed as meaning an *actual* occupancy of the premises, and an *actual* residence thereon as a home or dwelling-place; and the terms "removal therefrom" and "cease to occupy" as meaning a cessation of such actual occupancy and residence, although accompanied with an intention to return and resume such occupancy. It was in view of this well-understood meaning of these terms that the legislature in 1860 (Gen. St. 1878, c. 68, § 8) amended the law so as to provide that the removal of the owner of the homestead should not render it liable to sale on execution. This court, in *Donaldson* v. *Lamprey*, 29 Minn. 18, (11 N. W. Rep. 119,) construed this as referring to a removal with the intention to return, as distinguished from an abandonment, that is, a removal without any intention of ever returning. That the legislature placed the same construction upon it is evident from the amendment of 1868, (Gen. St. 1878, c. 68, § 9,) by which they required a notice of claim of a homestead right to be filed in case this cessation of occupancy continued more than six months, and also imposed upon such non-occupancy a limitation of five years, unless during some portion of that time there had been an actual occupancy and residence on the premises. That this court has always construed the statute as meaning that the homestead exemption would be lost by removing from or ceasing to actually occupy the premises as a residence for more than six months, (unless notice was filed,) even although there was an intention to return, is evident from *Russell* v. *Speedy*, 38 Minn. 303, (37 N. W. Rep. 340,) and *Baillif* v. *Gerhard*, 40 Minn. 172, (41 N. W. Rep. 1059.) And exactly in the same line we have held that a man ac-

quires no homestead exemption by purchasing property with the intention of occupying it as a homestead until and unless followed by actual occupancy and residence thereon. *Kelly* v. *Dill*, 23 Minn. 435; *Liebetrau* v. *Goodsell*, 26 Minn. 417, (4 N. W. Rep. 813.) As showing the construction which has been uniformly placed upon the terms used in the homestead exemption statutes, see, also, *Folsom* v. *Carli*, 5 Minn. 264, (333;) *Tillotson* v. *Millard*, 7 Minn. 419, (513;) *Kelly* v. *Baker*, 10 Minn. 124, (154;) *Kresin* v. *Mau*, 15 Minn. 87, (116;) *Stewart* v. *Rhoades*, 39 Minn. 193, (39 N. W. Rep. 141;) *Neumaier* v. *Vincent*, 41 Minn. 481, (43 N. W. Rep. 376.)

Of course, the statute is to receive a reasonable construction, and we are not to be understood as meaning that it requires constant personal presence so as to make a man's residence his prison, or that an enforced temporary leaving of the premises from accidental causes such as fire or flood, or that a temporary absence for purposes of business or pleasure, not amounting to a change of actual residence, would constitute a removal, or ceasing to occupy, within the meaning of the statute. But we hold that upon the facts of this case the defendant had removed from and ceased to occupy the premises as a homestead, within the meaning of the statute, for more than six months prior to March 15, 1890, and, not having filed the notice required by law, his right of homestead exemption had been lost, and that it was not regained by his mere intention and preparation to return. Of course, the title which vested in the plaintiff under the assignment could not be divested by the subsequent occupancy of the premises by the defendant.

Order affirmed.