CHARLES A. RUSCH v. JOHN A. LAGERMAN AND ANOTHER.[1]

May 24, 1935.

No. 30,291.

[1]Reported in 261 N. W. 186.

*Elmquist, Felhaber & Elmquist,* for appellants.
*Gustav C. Axelrod,* for respondent.

STONE, JUSTICE.

Action to set aside an execution sale of real estate. The court having found for plaintiff, defendants appeal from the judgment.

August 24, 1925, pursuant to a contract for the exchange of lands, a deed to a certain apartment house property in St. Paul was placed in escrow to be delivered to the grantee, Amelia Rusch, plaintiff's mother, upon the performance of stated conditions. Mrs. Rusch went into possession of the property August 1, 1925, and died intestate January 26, 1926, before the conditions had been performed or the deed delivered. Plaintiff inherited a one-fourth interest in his mother's estate. April 1, 1926, the judgment in favor of defendant Lagerman was docketed against plaintiff in Ramsey county. In September, 1926, plaintiff moved into the flat building in question. Since that time it has been his homestead. Thereafter he filed a petition in bankruptcy listing among other liabilities defendant Lagerman's judgment. June 24, 1929, he was discharged of all his debts under the bankruptcy act. The conditions of the escrow agreement were not performed until December, 1928, when the deed to Amelia Rusch was delivered and recorded. January 19, 1933, defendant Lagerman procured a writ of execution on his judgment. At the resulting execution sale, conducted by defendant Moeller as sheriff of Ramsey county March 10, 1933, defendant

Lagerman bought in plaintiff's interest in the property for the amount due on the judgment.

The determinative question is whether, on April 1, 1926, when defendant Lagerman's judgment was docketed, plaintiff had any interest in the involved property upon which the judgment became a lien. Plaintiff argues, and the court below held, that since, by the terms of the escrów agreement, title was not to pass until its conditions were fully performed, he had no title in the premises until December, 1928, when those conditions were finally performed, the deed delivered, and when he was occupying the premises as a homestead. ·

Defendant's contention that plaintiff got title to which the judgment lien attached immediately upon the death of his mother is based upon the rule that, while title does not pass under such an escrow agreement until the conditions are performed, nevertheless "if either of the parties dies before the condition is performed and afterwards the condition is performed, the deed is good and takes effect from the first delivery." 2 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 3149. The operation of that rule is illustrated by Lindley v. Groff, 37 Minn. 338, 34 N. W. 26 (followed in Tharaldson v. Everts, 87 Minn. 168, 91 N. W. 467), where the claim was that the death of the grantee under an escrow agreement terminated the rights of the parties. It was held that the title inured to the benefit of the heirs on delivery of the deed and related back to the date of the grantee's death.

To rebut that, plaintiff submits, citing Taft v. Taft, 59 Mich. 185, 196, 26 N. W. 426, 431, 60 Am. R. 291, and similar cases, that the rule that the deed takes effect from the first delivery in such circumstances is merely a legal fiction adopted to preserve the chain of title and "does not cut off intervening rights of third persons."

█ However, even if plaintiff did not get legal title upon the death of his mother, it cannot be denied that he did get then an equitable interest which thereafter ripened into title. It is clear, under 2 Mason Minn. St. 1927, § 9400, making a judgment a lien "upon all real property in the county then or thereafter owned by the

judgment debtor," as construed by this court, that defendant's judgment lien did attach to the interest plaintiff got upon his mother's death. Wilder v. Haughey, 21 Minn. 101; Reynolds v. Fleming, 43 Minn. 513, 45 N. W. 1099. In Atwater v. Manchester Sav. Bank, 45 Minn. 341, 48 N. W. 187, 12 L. R. A. 741, this court laid down the rule that under our statute equitable interests in real property are subject to the lien of a judgment, and may be sold on execution. See also Hook v. Northwest Thresher Co. 91 Minn. 482, 98 N. W. 463; and the annotation "Judgment as lien on judgment debtor's equitable interest in real property," 30 A. L. R. 504, 514; Emerson-Brantingham Implement Co. v. Cook, 165 Minn. 198, 206 N. W. 170, 43 A. L. R. 41 (judgment a lien upon title of judgment debtor holding under unrecorded deed); and the annotation at 43 A. L. R. 44. In this state a judgment lien binds "all the right and interest" in real estate of the judgment debtor. Campion v. Whitney, 30 Minn. 177, 178, 14 N. W. 806, 807.

Plaintiff having gotten an equitable interest at his mother's death, January 26, 1926, upon which defendant Lagerman's judgment became a lien when docketed April 1, 1926, plaintiff acquired no new rights which could defeat the lien when he moved on the premises in September, claiming a homestead therein. 29 C. J. 860; 13 R. C. L. 615; Kelly v. Dill, 23 Minn. 435; Liebetrau v. Goodsell, 26 Minn. 417, 4 N. W. 813; Coolbaugh v. Roemer, 30 Minn. 424, 15 N. W. 869. Nor was the lien affected by the discharge in bankruptcy, although, of course, plaintiff was thereby relieved of personal liability for the judgment debt. Gregory Co. v. Cale, 115 Minn. 508, 133 N. W. 75, 37 L.R.A.(N.S.) 156; Swaney v. Hasara, 164 Minn. 416, 205 N. W. 274. In Landy v. Martin, 193 Minn. 252, 258 N. W. 573, the judgment, claimed to have been a lien on the debtor's homestead, had been procured within four months of the filing of his petition in bankruptcy.

The judgment must be reversed with directions to enter judgment for defendants.

So ordered.