PABST BREWING COMPANY v. W. W. BUTCHART.[1]

May 21, 1897.

68 303
f83 436

Nos. 10,500—(177).

**Appeal—Sufficiency of Return.**

In the absence of a return to this court from which the contrary is made to appear, it must be presumed, on appeal from a judgment, that it was duly authorized and regularly entered. That the judgment was irregularly entered, or was unauthorized or unwarranted, cannot be made to appear by a return which does not purport to contain a copy of the judgment roll, or of all the papers and files which should be made a part of such roll.

**Claim and Delivery—Judgment.**

Where, in an action in claim and delivery, the property in controversy has been delivered to the plaintiff, and upon the trial the action is dismissed on the ground that he has failed to substantiate his cause of action and right to recover, the defendant is entitled to a judgment, under G. S. 1894, § 5420, for a return of the property, or for its value in case a return cannot be had, if in his answer he has demanded such return.

Appeal by plaintiff from a judgment of the district court for St. Louis county, Moer, J., for defendant. Affirmed.

*Austin N. McGindley,* for appellant.
*Wilson & Wray,* for respondent.

COLLINS, J. The nature of this action, the character of the chattel mortgage upon which plaintiff relied as evidence of its right to recover possession of the property, and by what right defendant claimed to detain and hold such property as against plaintiff, fully appears in the opinion rendered when the cause was here before. 67 Minn. 191. That appeal was from an order denying a new trial after the cause had been dismissed at the trial on the ground that plaintiff had failed to make out a case. This appeal is from a judgment entered by order of the court after the case had been remanded.

The judgment must be affirmed on the ground, if there was no other, that the return here does not include the judgment roll. The return of the clerk of the district court includes copies of the com-

[1] Reported in 71 N. W. 273.

plaint, answer, reply, testimony, notice of motion to settle case and for a new trial, order denying motion, notice and bond on the former appeal, motion for judgment, judgment as entered, notice and bond on this appeal, and of various motions, orders, and affidavits which probably were made and used subsequently to the entry of judgment. The return does not pretend to contain a copy of the judgment roll, nor is there anything which shows that copies of all of the papers and files which should be made a part of the roll are therein contained. The presumption in this, as in all other causes, is that the judgment was duly authorized and regularly entered. A judgment cannot be reversed until error is made to appear. We must assume that the one in question was duly rendered and entered, in the absence of a return from which the contrary is made manifest.

But counsel strenuously contend that in an action in claim and delivery, or replevin, in which the property in dispute has been taken from the possession of the defendant and delivered to the plaintiff, the former is not entitled, as a matter of course, to a judgment for a return of the property, or its value in case a return cannot be had, when he has taken an order for dismissal for failure on the part of the plaintiff at the trial to substantiate his cause of action and right to recover. The defendant, in his answer, after justifying under a judgment in which one Pierce was creditor, and the mortgagor, Wagner, the debtor, an execution issued therein, and a levy upon the property as belonging to the judgment debtor, the rendition of the judgment, issuance of the execution, and levy being admitted by the reply, demanded judgment for a return of the property, and for its value if a return could not be had. So that when the cause was dismissed he was entitled to an alternative judgment, under the provisions of G. S. 1894, § 5420, last paragraph. Section 5050, relating to the action of replevin in justices' courts, is in exactly the same language, and was construed in Terryll v. Bailey, 27 Minn. 304, 7 N. W. 261. The question is not an open one in this state.

It is also argued that the judgment must be reversed because the value of the property was assessed at $700, when the answer alleged it to be worth $1,500. What has been said in respect to the presumption as to the regularity of the judgment disposes of this claim. But, if it did not, it is difficult to appreciate any cause for complaint

on plaintiff's part. Plaintiff, in its complaint, alleged the value of the property to be but $700. It obtained possession of the same in these proceedings, and presumably retains possession. Why it should find fault because the defendant has accepted its own valuation, instead of insisting upon a higher, is not easily understood.

Judgment affirmed.