FRED WATSCHKE v. JOEL P. THOMPSON and Others.[1]

December 20, 1901.

Nos. 12,845—(125).

**Federal Bankrupt Act—Attachment—Pleading.**

Under the provisions of section 67 of the bankrupt act of 1898, all levies, attachments, judgments, etc., are dissolved by an adjudication in bankruptcy, and the title to the property attached is restored to the estate. The trustee may abide by the result of such adjudication, and reclaim the attached property; or, upon securing an order from the court, he may retain the benefit of the attachment, if such course would inure to the benefit of the estate. But authority to retain the attachment and secure its benefits rests upon such order, and the complaint in this action is deficient, in that it does not show its procurement.

Appeal by plaintiff from an order of the district court for Redwood county, Webber, J., sustaining a demurrer to the complaint. Affirmed.

*W. A. McDowell,* for appellant.

*Albert Hauser* and *Somerville & Olsen,* for respondents.

LEWIS, J.

The complaint, in substance, alleges that on September 11, 1899, one Billington commenced an action against respondents J. P. Thompson and E. A. Thompson, in which E. A. Pease, as sheriff, levied an attachment upon certain personal property belonging to J. P. Thompson, which was taken possession of by Pease as such sheriff; that on September 12, 1899, one F. W. Orth commenced an action in replevin against the sheriff, respondent Pease, and obtained possession of the property; that on November 12 following a verdict was rendered in that action in favor of Pease for the return of the property or its value; that on December 11, 1900, after the case had been appealed and affirmed in this court, judgment was entered in the district court in favor of Pease, and against Orth, for the return of the property or for the value of Pease's interest therein, and costs amounting to $412.17; that on

[1] Reported in 88 N. W. 263.

November 6, 1899, J. P. Thompson was adjudged a bankrupt, and on the following November 29, appellant was appointed trustee in bankruptcy; that about January 1, 1901, this action was commenced for the purpose of having the trustee declared the owner of the judgment entered in favor of Pease and against Orth. The complaint also alleges that Orth disposed of the property received in the replevin action, and that he is unable to redeliver it, but is willing and able to pay the money value of the judgment. To this complaint respondents demurred upon the ground that appellant had not the legal capacity to bring the action, and that the facts sustained in the complaint are not sufficient to constitute a cause of action, and, the demurrer having been sustained, the trustee appealed.

Appellant claims authority to maintain this action under subdivision "c" of section 67 of the bankrupt act, which provides for the dissolution of liens, attachments, etc., by the adjudication in bankruptcy; that under the latter part of this section the trustee has been subrogated to the rights of Pease in the judgment, and is empowered to perfect and enforce such right with the same effect that Pease might have done had not bankruptcy proceedings taken place.

Section 67 is entitled "Liens," and divided into several subdivisions, which must all be read together. While subdivision "c" provides, as above stated, that the trustee shall be subrogated, etc., yet there is a method pointed out by subdivision "f" as to how he shall be subrogated, viz.: That all levies, judgments, attachments, etc., obtained against an insolvent person, at any time within four months prior to the filing of a petition in bankruptcy, shall be deemed null and void in case he is adjudged a bankrupt, and such judgment or attachment shall be deemed wholly discharged and rescinded, and the property shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, or attachment, or other lien, shall be preserved for the benefit of the estate; and thereupon the same shall pass to, and shall be preserved by, the trustee for the benefit of the estate.

The adjudication in bankruptcy had the effect of dissolving the

attachment against the property of the bankrupt, and restoring the title of the property to the estate. When the trustee received his appointment, on November 29, there was one of two courses of action open to him: To accept the result of the dissolution, and pursue the property, wherever it might be, or, upon due notice, to obtain an order preserving the benefit of the attachment, if for any purpose the interests of the estate would thereby be best conserved.

As we understand the complaint, appellant is not pursuing the property in this action, for it is alleged that it was disposed of by Orth, but the attempt is to obtain the benefit of the attachment by securing the judgment entered in pursuance thereof. Without deciding that the trustee might have secured the benefit of the judgment, had the proper steps been taken, he has no standing, under the allegations of the complaint, to pursue that remedy. Such an action cannot be maintained unless it is based upon the order of the court provided for in subdivision "f" of section 67, preserving the attachment for the benefit of the estate. Of course, a reasonable time would be permitted for a trustee in which to acquaint himself with the facts, and to apply to the court and obtain the necessary order, but until such order is obtained appellant has no authority to maintain an action which seeks to secure the benefit of the attachment. It is immaterial that at the time of the trustee's appointment the action had been tried in the replevin case, and it is immaterial when Orth disposed of the property. We are assuming, without deciding, that the judgment which resulted in favor of Pease might have been secured for the estate if proper steps had been taken. In this respect, the complaint being deficient, the demurrer was properly sustained.

Order affirmed.