NORTH STAR HOUSE FURNISHING COMPANY v. ALEXANDER
RINKEY.[1]

April 29, 1904.

Nos. 13,864—(207).

**Writings Construed.**

Two written agreements, made at different times, for the sale of distinct items of personal property, claimed by plaintiff to constitute but one contract, construed, and *held*, that the property agreed to be transferred by one was not pledged as security for the payment of the debt created by the other agreement.

**Claim and Delivery.**

In an action in claim and delivery, where plaintiff has obtained possession of the property, and there is no evidence as to its value, and defendant recovers a verdict, the jury may adopt as such value the amount alleged in the complaint.

**Evidence.**

Evidence examined, and *held* to sustain the verdict.

Appeal by plaintiff from an order of the municipal court of St. Paul, Finehout, J., denying a motion for judgment notwithstanding the verdict or for a new trial, after a trial and verdict in favor of defendant. Affirmed.

*S. C. Olmstead,* for appellant.

*B. F. Latta,* for respondent.

BROWN, J.[2]

Action in replevin, brought in the municipal court of St. Paul to recover the possession of a range with certain fixtures belonging thereto, in which defendant had a verdict on trial in that court, and plaintiff appealed from an order denying its motion for a new trial.

The facts are substantially as follows: On December 6, 1902, defendant entered into a contract with plaintiff for the purchase of the range in question, which provided, among other things, as follows:

This agreement witnesseth that I, Alex. Rinkey, have purchased of the North Star House Furnishing Company (a cor-

1 Reported in 99 N. W. 429.
2 DOUGLAS, J., absent, sick, took no part.

poration under the laws of the state of Minnesota), the right to temporary possession of the following described goods, chattels and personal property viz.,

| | | |
|---|---|---|
| 1 Mystic Cast Range Steel H. C. | 37 | 50 |
| 6 Jts Com. Pipe | 1 | 20 |
| 1 Elbow | | 20 |
| 1 Rev. Elbow | | 25 |
| 1 Collar | | 10 |
| 1 Damper | | 15 |
| | 39 | 40 |

For which privilege I have paid to said Company the sum of One and twenty-five-hundredths Dollars, in view of and in sole consideration for the favorable conditions and privileges connected with such temporary possession, which are as follows, to wit: I have received the described goods, chattels and personal property in good and perfect condition and of the value of Thirty-nine and forty-hundredths Dollars. That by prompt payment by me to said company at its office in the city of St. Paul, of the amounts * * * and at the times as stated in the margin of this agreement, I shall be entitled to retain the temporary possession of such goods, chattels and personal property, and that after all of said payments (which I hereby promise and agree to pay) shall have been fully made and completed in the amounts and on the dates as stated in said margin, then on the payment by me to said Company of the sum of one cent, the said Company will execute to me a bill of sale of said property.

The agreement contains other stipulations and conditions respecting defendant's right to possession of the property, giving plaintiff the right to resume possession whenever defendant should default in the payments required to be made, or whenever he should fail to take proper care of the property; and upon the retaking of possession that all payments made by defendant should be forfeited to the company. Subse-

quent to this contract, on June 20, 1903, the parties entered into what is termed a "supplemental agreement," which provides as follows:

> This Supplemental Agreement Witnesseth, That I have received from the North Star House Furnishing Company (a corporation under the laws of the state of Minnesota), the following additional described goods:
>
> 1 Go Cart......................................... 21.85
>
> In good and perfect condition and of the value of Twenty-one and Eighty-five hundredths Dollars, subject to and upon the same terms, conditions and obligations as specified in the hereto attached contract No. 8,412 of which this now forms and constitutes a part.
>
> And that I agree to pay the said Company, at its office in the City of St. Paul, at the times and in the amounts as stated in the margin of this supplemental agreement, and that a default in any of the terms or conditions of said hereto attached original memorandum of agreement, No. 8,412, or a default in any of the terms or conditions of this supplemental contract or memorandum of agreement, shall constitute and be deemed, and be held to be a default in both the original and supplemental agreements.
>
> And it is expressly understood and agreed that, in consideration of the delivery of said additional described goods, receipt of which is hereby acknowledged, covered by this supplemental agreement, title to goods described in both the hereto attached original contract or memorandum of agreement, No. 8,412, together with goods described in this supplemental agreement, shall remain in said North Star House Furnishing Company, until all the terms and conditions of this supplemental contract or memorandum of agreement, as well as all the terms and conditions of the hereto attached original contract or memorandum of agreement No. 8,412 shall have been observed and performed by me.

This subsequent agreement was attached to the original, and it is claimed by plaintiff that both writings constitute but one contract. It is conceded that defendant fully paid for the range, that all payments provided for by the original agreement have been made, and that that

contract, so far as such payments are concerned, has been fully complied with. No payments have been made, however, upon the second agreement, but the property there agreed to be sold to defendant was, under an oral agreement not here important to consider, returned to plaintiff before the commencement of this action. Plaintiff now insists that because of the terms of the supplemental agreement the range agreed to be sold by the original agreement was pledged for the payment of the price of the go cart agreed to be sold by the second agreement, and that, because no part of that debt has ever been paid, plaintiff is entitled to the range. It seems that this was not the position taken on the trial of the action in the court below. The question there contested was whether a payment of two dollars made by defendant to plaintiff before the commencement of the action was to be applied upon the original or upon the supplemental contract. The jury found that it was made upon the original agreement, and plaintiff now concedes that to be the fact, but claims a right to recover the range by reason of the fact that no part of the purchase price of the go cart has ever been paid.

The trial court instructed the jury that, so far as payments upon these two agreements were concerned, they were to be treated as separate contracts, and a default in the payment upon one contract would not give plaintiff the right to the possession of the property covered by the other. Whether this instruction was error is practically the only question in the case. We need not at this time determine just what sort of contract the original agreement amounts to—whether a conditional sale of the property, or a mere transfer of the right to the temporary possession of the same with the subsequent right to purchase it. It is not decisive of the case, for we hold that the supplemental agreement did not give plaintiff a lien upon the range for the payment of the debt there incurred. The two writings must be construed together, and the intention of the parties, as gathered therefrom, applied. So construing them, we are clearly of the opinion that it was not the intention by the execution of the supplemental agreement that the range, the subject-matter of the first agreement, should be pledged as security for the payment of the debt created by the last agreement. Such being the case, the trial court correctly instructed the jury on the subject, and the verdict for defendant was the only one consistent with the law

and facts that the jury could have rendered. The effect of the stipulations in the supplemental agreement, making the conditions of the first applicable thereto, was to make the new contract of the same tenor and effect as the old; but they remained independent contracts.

The point that there was no evidence as to the value of the property is not well taken. Plaintiff alleged in its complaint that the property was of the value of $39.40, and, though the general denial of the answer may put this allegation in issue, plaintiff is in no position to complain of the verdict, which adopted its allegations on this subject, even though there was no evidence as to the value. Pabst Brewing Co. v. Butchart, 68 Minn. 303, 71 N. W. 273. The case in this respect is unlike Sauer v. Traeger, 56 Minn. 364, 57 N. W. 933. In that case the property had not been taken from the possession of defendant. There was no evidence of its value, but the verdict was for plaintiff, and in such case the court properly held that plaintiff could not recover the value of the property without proving it.

We have examined all the assignments of error urged by counsel for appellant, and discover no reason for interfering with the result in the court below. The verdict is justified by the evidence, and no reversible errors are shown.

Order affirmed.