# CHRIST JOHNSON v. WILLIAM A. GERBER and Another.[1]

April 13, 1911.

Nos. 16,955—(38).

**Chattel mortgage — description.**

A chattel mortgage, describing the property as "fourteen cows, all of said property now being in the possession of said party of the first part, in the city of St. Paul, county of Ramsey," Minnesota, sufficiently describes the property mortgaged.

**When levy by sheriff amounts to conversion.**

Where a sheriff, under execution against the mortgagor in a chattel mortgage, levies on all the right, title, and interest of the mortgagor therein, takes the property into his possession, and, after demand made by the mortgagee, assumes to sell the entire property, and not merely the interest of the mortgagor therein, the mortgagee may treat it as a conversion, even though the purchaser has knowledge of the mortgage.

**Same — evidence.**

Where such levy, taking, and demand are made before suit, and the sale is made after suit is commenced, but before trial, evidence of the sale and disposition of the property thereunder is admissible to characterize the levy and taking.

**Return of sheriff.**

When a sheriff levies an execution on the right and interest of a pledgor or mortgagor in pledged or mortgaged personal property, it should appear from his return and from the notice of sale that the property is pledged or mortgaged, and that what is levied on and to be sold is only the right and interest of the pledgor or mortgagor therein.

**Pleading — evidence.**

Under a complaint that pleads merely wrongful conversion by defendant, evidence of demand and refusal is admissible.

Action in the municipal court of St. Paul against William A. Gerber, sheriff of Ramsey county, to whom Herman Thiede and the United States Fidelity and Guaranty Company were subsequently added as defendants by order of the court, to recover $325 for the conversion of personal property. The facts are stated in the opin-

[1]Reported in 130 N. W. 995.

ion. The reply was a general denial. The case was tried before Finehout, J., and a jury which returned a verdict in favor of defendants. From an order denying plaintiff's motion for a new trial, he appealed. Reversed.

*James Schoonmaker,* for appellant.

*Charles J. Andre,* for respondents.

BUNN, J.

Plaintiff commenced this action August 21, 1909, to recover of defendant William A. Gerber, sheriff of Ramsey county, the value of six sows alleged to have been wrongfully converted by him. Defendant Gerber, in his answer, pleaded that the cows were the property of Nels Okeson, and that he had levied thereon under an execution issued on a judgment in favor of Herman Thiede and against Okeson, and that he had taken the cows into his possession, and held the same pending the sale of said Okeson's right, title, and interest therein.

Plaintiff claims title under two chattel mortgages, which were duly filed for record. The evidence showed that the sheriff seized the six cows in question, and returned that he had levied upon all the right, title, and interest of Okeson therein, and gave notice of execution sale of the right, title, and interest of Okeson in said cows. Thereafter, on August 30, 1909, the sale was held, and the sheriff reported that he had sold the cows to Herman Thiede. The evidence showed that the cows were delivered to the possession of Thiede before the sale, and remained in his possession thereafter. The case was tried to a jury, which found a verdict in favor of defendants. This appeal is from an order denying a new trial.

It is conceded that plaintiff's mortgages were given and taken in good faith, and are valid, except that defendant claims that the description of the mortgaged property in one of the mortgages is insufficient. The property is described as "fourteen cows all of said property now being in the possession of said party of the first part in the city of St. Paul, county of Ramsey," Minnesota. This is a sufficient description, and oral evidence was admissible to identify the cows. Eddy v. Caldwell, 7 Minn. 166 (225).

The mortgagor was in default. Defendants had actual and constructive notice of the mortgages. Under R. L. 1905, § 4302, the right and interest of the mortgagor in the mortgaged property might be sold on an execution against him; but it is clear that if the sheriff assumed to sell against the objection of the mortgagee the entire property, and not merely the right and interest of the mortgagor therein, it is a conversion, if the mortgagee elects so to treat it, and this, even though the purchaser at the sale knew of the mortgage. Appleton Mill Co. v. Warder, 42 Minn. 117, 43 N. W. 791. It is claimed by the defendant that the sheriff levied on only the right and interest of the mortgagor in the cows, and that he sold only such interest. It is true that the sheriff, in his return of the execution, says that he levied upon the right, title, and interest of Okeson, and that in his notice of sale he described the property to be sold as the right, title, and interest of Okeson. But it is clear that he assumed to sell the entire property. This appears from his report of sale. We think that the evidence showed a conversion.

It seems to have been the theory of the trial court that evidence of the sale was inadmissible because it was made after the suit was commenced. Evidence of the sale and the disposition of the cows thereunder was admissible, and served to characterize the original seizure and levy by the sheriff. If the sale was wrongful, the levy and seizure were wrongful.

We think, also, that when a sheriff levies an execution on the right and interest of a pledgor or mortgagor in pledged or mortgaged property, his return and notice of sale should not merely state that he has levied on the right and interest of the mortgagor, but should make it clear that the property is mortgaged or pledged property. The mere words "right, title, and interest" do not convey any notice that the property is mortgaged or pledged, or that the debtor has such a limited right or interest in the property as the mortgagor in a chattel mortgage usually has.

The trial court was clearly in error in excluding from evidence the affidavit and notice of claim served by the plaintiff on the sheriff after the seizure. It was not necessary to plead a demand and refusal in the complaint. The complaint alleged a wrongful con-

version by the sheriff, and this could be shown, either by evidence of demand and refusal, or by evidence of a wrongful sale and disposition of the property.

The verdict for the defendants was not sustained by the evidence, and a new trial should have been granted.

Order reversed.