## JAMES B. BRADSHAW AND ANOTHER v. OTTO S. LANGUM.[1]

October 25, 1918.

No. 20,937.

**Replevin — when defendant is entitled to return of the property or its value.**

In replevin where the plaintiffs allege title and the right of possession, in general terms, and the answer is a general denial, and the property was taken from the possession of the defendant and delivered to the plaintiff, the defendant, upon dismissal of the action by the plaintiffs, is entitled to judgment for the return of the property, and if that is not to be had, for its value.

Action in replevin in the district court for Hennepin county by the persons composing the firm of Bradshaw Brothers to recover possession of an automobile, or, in case recovery could not be had, for $1,000, the value thereof, and $200 for its detention. The case was tried before Jelley, J., who granted plaintiffs' motion to dismiss the action. The proceedings thereafter are stated in the first paragraph of the opinion. From the judgment of dismissal and from an order denying his motion

[1]Reported in 169 N. W. 148.

to amend his answer, and from the order denying his motion to reinstate the case upon the general calendar for trial if plaintiffs so elect, defendant appealed. Reversed with directions.

*John Walso* and *George S. Grimes,* for appellant.

*Booth & McDonald,* for respondents.

QUINN, J.

Action in replevin to recover possession of an automobile from the defendant. The papers were served by the coroner, who took the machine thereunder, from the possession of the defendant, and thereafter made return of the fact and that he had delivered the same to the plaintiffs. The cause came on for trial before a jury. The answer was a general denial. Plaintiffs offered their proofs and rested. The defendant then rested and requested the court to direct a verdict in his favor, for a return of the property or for its value. The request was denied. The plaintiffs then asked that the action be dismissed and it was so ordered. It appears that the action was brought against the defendant as an individual, while the proofs showed that he held the property in controversy as sheriff, under a writ of execution, and that no demand had been made upon him for the possession of the property prior to the commencement of the action. Subsequent to the dismissal, defendant asked leave to amend his answer by adding thereto a demand for the return of the property or for its value, which was refused. Defendant then moved the court for an order vacating the order of dismissal, that the action be reinstated, and that he have leave to amend his answer by inserting in the prayer a demand for the return of the property or for the value thereof in case a return could not be had, all of which were refused. The defendant thereafter requested the clerk of the court to enter judgment in his favor for the return of the property, or, in case a return thereof could not be had, for its value. The clerk refused to so enter judgment, and entered judgment that the action be dismissed, without making any provision for the return of the property. This appeal is from that judgment.

The object of an action in replevin, is the recovery of the possession of personal property, and where the plaintiff, as in the case at bar, alleges ownership and the right of possession, in general terms, he has the bur-

den of proof, in which case the defendant may, under a general denial, offer any evidence tending to controvert or impeach the title which the plaintiff seeks to prove, and where the property in controversy has been delivered to the plaintiff, and upon the trial the action is dismissed upon the ground that he has failed to establish his right to recover, the defendant is entitled to judgment for the return of the property, or for its value in case a return thereof cannot be had. Pabst Brewing Co. v. Butchart, 68 Minn. 303, 71 N. W. 273. A judgment of dismissal in an action of this character annuls all the proceedings and leaves the parties as though no action had been commenced, as said in Terryll v. Bailey, 27 Minn. 304, 7 N. W. 261. In rendering such a judgment, the court may and ought to restore the parties to the situation they were in before the action was commenced. In principle the case of Fish v. Toner, 40 Minn. 211, 41 N. W. 972, is in point. The plaintiff should not be allowed to obtain possession of the property by means of an action in court, and, upon failure to maintain his action upon trial, to dismiss the same and retain possession of the property. The defendant was entitled to the instruction asked for and for judgment in his favor for the return of the property, and in case a return thereof could not be had, for its value. The judgment appealed from is reversed and judgment ordered in accordance herewith.

Reversed with directions.