D. L. SWANEY v. GEORGE J. HASARA.[1]

October 9, 1925.

No. 24,826.

**Where plaintiff in replevin holds past-due chattel mortgage on part of property, error to direct verdict for defendant.**

1. In an action in replevin, it is reversible error to direct a verdict in favor of the defendant, where the plaintiff holds a past-due chattel mortgage, given by defendant, upon a part of the property.

**Failure of officer's return on levy and notice of sale of property to show it is mortgaged, makes sale voidable.**

2. Where an officer levies upon mortgaged property, his return and notice of sale should show that the property is mortgaged. A failure in this respect renders the sale voidable but not void, the remedy being an application to the court to vacate the sale.

[1]Reported in 205 N. W. 274.

**Officer's return upon execution sale conclusive until set aside and cannot be attacked collaterally.**

3. So long as the return of the officer upon an execution sale remains intact, it is conclusive and cannot be collaterally assailed by inquiries into the conduct of the officer executing the writ.

**Execution lien within 4 months of bankruptcy not avoided where bankrupt's property does not pass to his trustee.**

. 4. The provisions of section 67, subdivision f, of the Federal Bankruptcy Act of July 1, 1898, whereby levies under execution or other liens, obtained within four months before filing of a petition in bankruptcy, are deemed void when the debtor is adjudged a bankrupt and the property passes to the trustee for the benefit of creditors, do not annul an execution lien where the bankrupt's property does not pass to the trustee.

1. See Chattel Mortgages, 11 C. J. p. 601, § 301.
2. See Executions, 23 C. J. pp. 757, § 804 (Anno); 758, § 805 (Anno).
3. See Executions, 23 C. J. p. 807, § 894.
4. See Bankruptcy, 7 C. J. p. 199, § 295.

3. See note in 21 L. R. A. 39; 10 R. C. L. 1336.

Action in replevin in the district court for Jackson county. The case was tried before Dean, J., who directed a verdict in favor of defendant and that jury find the value of the property. Plaintiff appealed from an order denying his motion for judgment notwithstanding the verdict or for a new trial. Reversed.

*O. Thoreson* and *E. H. Nicholas,* for appellant.

*F. B. Kalash* and *Wilson Borst,* for respondent.

QUINN, J.

This is an action in replevin to recover possession of certain personal property which the plaintiff claims to have purchased at an execution sale, which the defendant refused to allow him to remove from the farm upon which the sale was conducted and upon which defendant resided. At the close of the testimony, the trial court directed a verdict in favor of the defendant, submitting to the jury

only the question of the amount of the value of the property. The plaintiff moved for judgment in his favor or for a new trial and, from an order denying his motion, appealed.

There is but little dispute as to the facts involved in this lawsuit. The plaintiff is an implement dealer at Spirit Lake, Iowa, and the defendant resided upon and worked a farm in Jackson county, this state, which his father owned. In May, 1923, plaintiff obtained a judgment for $1,775.44 against the defendant, in Jackson county. The defendant owned quite an amount of personal property, consisting of live stock, farm implements and crops upon the farm. On April 28, 1923, the defendant gave the First National Bank of Lakefield a chattel mortgage for $125 upon a certain Samson Tractor, Model M, and two bottom plows, which he then owned and had upon the farm, which are a part of the property involved in this action. This mortgage, and the debt secured thereby, became due and payable on November 1, 1923. On November 13, 1923, it was duly assigned to the plaintiff and no part thereof has ever been paid. On April 24, 1923, the defendant executed to his father, John Hasara, a chattel mortgage covering the balance of the property which he then owned, including that involved in this suit, except about 33 suckling pigs, to secure the payment of two notes as follows: One dated August 22, 1921, and maturing January 1, 1923, for $837; the other for $1,300, dated January 26, 1923, and maturing November 15, 1923. The two mortgages, above mentioned, were duly recorded, as of the dates thereof, and have never been discharged of record.

The plaintiff caused an execution to issue upon his judgment and placed it in the hands of the sheriff for collection. On October 29, 1923, the sheriff levied upon and took into his possession all of the defendant's nonexempt personal property under such execution, posted and served notices of sale of the same, upon the farm mentioned, on November 9, 1923. The notice of sale made no reference to any mortgages upon the property. On the afternoon of November 9, the officer proceeded to sell the property levied upon, pursuant to the notice of sale. The property had not been assembled into

one place, for convenience or examination at the sale, but, upon the contrary, it was left at different places upon the farm, the live stock was roaming about, nor were the different articles brought into view of the crowd attending the sale. There were a score or more persons in attendance, including plaintiff and defendant. The sheriff's return shows sales as follows: Manure spreader $1; tractor and plow $2; gas engine $.50; grain elevator $1; gas engine and truck $1; saw $1; small pigs $1; 105 hogs $2.; truck wagon and rack $1; Ford car $4; corn sheller $1; stacker and bucker, disc $1; end gate seeder $1; hog oiler $.50; 7 cows, 4 heifers $2; 1 bull $1; 4 horses, 2 colts $1; and 1 galvanized water tank, all small machinery and tools not exempt $1.

The property, above mentioned, excepting the Ford car, was bid in at the sale by plaintiff. He removed the same from defendant's premises on the evening of the sale, excepting the manure spreader, gas engine, grain elevator, gas engine and truck, the hogs, truck wagon and rack, corn sheller, haystacker and sweep, disc, end gate seeder, hog oiler, bull, 4 horses, 2 colts, tractor and two bottom plows, which he left until the following morning, when he returned for the purpose of removing the same. The defendant then refused to allow the plaintiff to take said property. Plaintiff then brought this action in replevin, and, on November 14, 1923, the sheriff took said property under the writ herein. Between the date of the levy under the execution and the date of the sale, all of the property sold was in possession of the sheriff under the writ. On October 29, 1923, defendant filed a petition in bankruptcy and, on November 3, 1923, was duly adjudged a bankrupt. The trustee in bankruptcy never demanded or took possession of the property in question.

In his complaint, plaintiff alleges ownership of the property in general terms. The answer is a general denial, coupled with an allegation of damages for detention and injury to parts of the property, and the reply is a general denial. Under the issues so made, the burden of proof is upon the plaintiff and the defendant may offer any evidence tending to controvert or impeach title or

right of possession in plaintiff. 23 R. C. L. 932; Dun. Dig. § 8412; Bradshaw v. Langum, 141 Minn. 39, 169 N. W. 148; Cumbey v. Lovett, 76 Minn. 227, 79 N. W. 99.

Plaintiff contends that he was entitled to the possession of the property involved under his purchase at the execution sale. He insists that he was entitled to the possession of the tractor and bottom plows under the chattel mortgage assigned to him by the Lakefield Bank. Upon the other hand, the defendant insists that plaintiff acquired no right of possession under the execution sale because of the irregularities in the notice of sale and the manner in which the sale was conducted by the officer. He further contends that the levy and sale under the execution were vitiated as to all the world by reason of the fact that the defendant was adjudged a bankrupt between the time of the levy and the date of the sale.

In disposing of the case, the trial court instructed the jury to return a verdict for the defendant and that it was for the jury "to determine * * * how much that property was worth at the time it was sold on execution. It is the only question for you to determine in the case. The rest of it will be for the court. * * * You may determine that from the testimony in the case. The maximum amount testified to was $1,600.00 and the minimum amount was $1,100.00, as you will recall from the testimony in the case." The jury returned a verdict for the defendant, that he is the owner of the property described in the complaint and entitled to the possession thereof and the value of the property is the sum of $1,250.

The defendant testified that the tractor and bottom plows covered by the mortgage which plaintiff held, were of the value of $250. Clearly, it was error to direct a verdict against the plaintiff and in favor of the defendant for the possession of this property and, for that reason, if no other, a new trial must be had.

The defendant claims that the execution sale is void, for the reason that no mention is made in the sheriff's return, or in the notice of sale, of the mortgage liens against the property levied upon.

or that the debtor had only an equity in the property. It is a well settled rule, in this state, that when an officer levies upon property, under an execution, upon the interest of a mortgagor in mortgaged property, his return and notice of sale should show clearly that the property is mortgaged. Johnson v. Gerber, 114 Minn. 174, 130 N. W. 995. But, if the defendant had any ground of complaint as to the acts of the officer in making the sale, his remedy was, by application, directly to the court, on motion, to vacate and set aside the sale. The court, under whose jurisdiction the execution issued, could and should, under proper showing, postpone the sale, in order to allow time to make such a motion. So long as the return is allowed to remain intact, it is conclusive and cannot be collaterally assailed by inquiries into the conduct of the officer in executing the writ. Flint v. Webb, 25 Minn. 263; Spooner v. Bay St. Louis Syndicate, 44 Minn. 401, 46 N. W. 848. The sale was not void. It may have been voidable on account of irregularities or because of the failure of the officer to bring the property into the presence and view of the attendants at the sale. Such irregularities may be of such character as to render a sale voidable, but not void. 10 R. C. L. 1336, and cases cited in note 20.

After the levy and taking possession of the property by the officer under the execution, and prior to the day of sale, the defendant was adjudged a bankrupt and subsequently received his discharge. He now urges that, under the provisions of section 67, subdivision f, of the Bankruptcy Act of July 1, 1898, chapter 541, 30 St. 564, the levy under the execution was rendered wholly null and void and therefore subject to collateral attack by any person whomsoever. We are unable to concur in this contention.

The effect of the act is to annul and vacate all liens obtained within 4 months prior to the adjudication of the debtor as a bankrupt. The provisions are for the benefit of the creditors and not for the benefit of the debtor. The act does not operate upon and dissolve liens obtained by execution levy or other processes, as against all the world. It operates only as against the trustee and those claiming under him. Frazee v. Nelson, 179 Mass. 456, 61

N. E. 40, 88 Am. St. 391; McKenney v. Cheney, 118 Ga. 387, 45 S. E. 433; Black, Bankruptcy (3d. ed.) 831; Miller v. Barto, 247 Ill. 104, 93 N. E. 140; Rochester Lumber Co. v. Locke, 72 N. H. 22, 54 Atl. 705. The property here in controversy never passed to the trustee, nor did he ever demand the same or make any effort to obtain possession thereof. Under the provisions of the act, levies or other liens, so obtained, are deemed null and void only in case the debtor is adjudged a bankrupt and the property passes to the trustee. Miller v. Barto, supra. The case of Cavanaugh v. Fenley, 94 Minn. 505, 103 N. W. 711, 110 Am. St. 382, cited and relied upon by the respondent, as well as the various cases cited upon the same proposition, does not apply to the case at bar. In none of those cases does it appear but what all of the property of the bankrupt passed to the trustee prior to his discharge and the presumption is that it did so pass. Another trial should be had.

Reversed.