## HARRY MARTIN v. GREEN LAKE STATE BANK AND ANOTHER.[1]

March 19, 1926.

No. 25,288.

**Liens obtained within four months of bankruptcy avoidable only by bankrupt's trustee.**

Swaney v. Hasara, 164 Minn. 416, 205 N. W. 274, followed to the effect that section 67f of the Bankruptcy Act annuls the liens therein referred to only as against trustee in bankruptcy and those claiming under him.

Bankruptcy, 7 C. J. p. 197 n. 89.

Action in the district court for Kandiyohi county to enjoin a sale of plaintiff's land upon a judgment in favor of defendant bank. The plaintiff appealed from an order, Qvale, J., sustaining defendant's demurrer to the complaint. Affirmed.

*Charles A. Swenson,* for appellant.

*Daly & Barnard,* for respondents.

STONE, J.

Action to enjoin the sale under execution issued on a judgment in favor of defendant Green Lake State Bank of certain land owned

[1]Reported in 208 N. W. 21.

by plaintiff, who appeals from an order sustaining a general demurrer to his complaint.

The lien of defendant (the Green Lake State Bank will be so designated) dates from an attachment levied on the land October 6, 1923. That was followed on October 8 by entry of the judgment against plaintiff for $2,006. In a voluntary proceeding plaintiff was adjudged a bankrupt, October 20, 1923. Defendant did not file any claim on its judgment in the bankruptcy proceedings. It further appears from the complaint that, although the land in question was scheduled as an asset of plaintiff and defendant's judgment as a liability, the trustee in bankruptcy "in due course * * * filed his report abandoning the above described real estate, which report was duly accepted by the court."

It is of course clear that by his discharge in bankruptcy plaintiff was relieved from further personal liability on the judgment. But it is equally clear that the trustee not only never asserted but expressly renounced all right and title to this land. So nothing was done to relieve it from the lien of defendant's judgment. That lien continues and there is no obstacle to enforcing it. The case is controlled by the rule applied to a similar problem in Swaney v. Hasara, 164 Minn. 416, 205 N. W. 274.

Plaintiff takes position first upon section 70a of the Bankruptcy Act which provides that the trustee shall be vested "by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt." That statute, standing alone, does not help appellant for all it gave the trustee in this case "was the title of the bankrupt," which was subject to the lien of the judgment in question. Moreover that title was finally renounced by the trustee with the approval of the court. Plaintiff's argument then proceeds to the provision of section 67f of the Bankruptcy Act "that all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy * * * shall be deemed null and void in case he is adjudged a bankrupt and the property affected by the levy, judgment, attach-

ment or other lien shall be deemed wholly discharged and released from the same and shall pass to the trustee as a part of the estate of the bankrupt."

That is the very provision that was construed in Swaney v. Hasara, supra. The rule of the cases cited by Mr. Justice Quinn is thus stated in Black, Bankruptcy, § 935: "The statute [Sec. 67f] does not operate upon and dissolve liens obtained by execution, levy, attachment, or other process, as against all the world, but only as against the trustee in bankruptcy and those claiming under him. * * * In effect, this statutory dissolution of liens is for the benefit of creditors, not for the benefit of the bankrupt, and as to him all such liens remain in force notwithstanding his adjudication in bankruptcy." This quotation is from the fourth edition of Mr. Black's work, which came from the publishers during the current year. The rule is not new and this last restatement of it is significant because unattended by criticism from judicial or other sources. It must be conceded that there are dicta in Watschke v. Thompson, 85 Minn. 105, 88 N. W. 263, and Cavanaugh v. Fenley, 94 Minn. 505, 103 N. W. 711, 110 Am. St. 382, which, if separated from their context and the issues to which they were applied, would lead to a different conclusion. But in each case the issue was essentially different from the problem involved here. The latter is controlled by the rule above stated which we have already applied in Swaney v. Hasara, supra.

We are not overlooking the decision of C. B. & Q. R. Co. v. Hall, 229 U. S. 511, 33 Sup. Ct. 885, 57 L. ed. 1306, which inclines to the view that the nullification of liens by section 67f is quite automatic and general in operation. The lien there in question was procured by garnishment upon property, the wages of the bankrupt, which had been set aside in the bankruptcy proceedings by the referee as exempt to the bankrupt, Hall. The court reasoned: "Custody and possession may be necessary to carry out these duties [of the trustee] and all levies, seizures, and liens, obtained by legal proceedings within the four months, that may or do interfere with that possession are annulled, not only for the purpose of preventing the prop-

erty passing to the trustee as a part of the estate, but for all purposes, including that of preventing their subsequent use against property that may ultimately be set aside to the bankrupt." That reasoning has no application here for we are dealing with nothing which was exempt but with property which was expressly rejected by the trustee, with the approval of the bankruptcy court, and which the bankrupt himself has never had a right to claim as against defendant's lien.

Order affirmed.