AGNES MASLOF v. PETER CHRISTIAN AND ANOTHER.[1]

March 26, 1926.

No. 24,966.

**Verdicts for plaintiff sustained by evidence.**

In this, an action in claim and delivery, evidence considered and *held* to justify a finding that the horses in question were the property of the plaintiff, that each horse was of the value stated in the verdicts and that the plaintiff's damages for the detention of the property were as stated in the verdicts.

Replevin, 34 Cyc. p. 1508 n. 61; p. 1509 n. 68, 71.

Two actions in claim and delivery in the district court for Hennepin county. The cases were tried together before Guilford, J., and a jury which returned verdicts in favor of plaintiff. Defendants appealed from an order denying their motion for judgment notwithstanding the verdicts or for a new trial. Affirmed.

*Ell M. Rosenstein,* for appellants.

*F. S. Stewart,* for respondent.

QUINN, J.

These cases, which were tried together and submitted to this court on one set of briefs, present on similar facts the same ques-

[1]Reported in 208 N. W. 135.

tions of law. The actions are in claim and delivery and each involves the ownership of an ordinary work horse, its value and damages for the detention thereof for about 11 months. There was a verdict in favor of the plaintiff in each case, and the defendants appealed from the order denying their alternative motions for judgment or a new trial.

The assignments of error are: First, that the court erred in refusing to grant the defendants new trials; second, that the verdicts are not justified by the evidence; third, the court erred in refusing to grant defendants' motions for directed verdicts; fourth, misconduct of plaintiff's counsel in the presence of the jury.

The plaintiff was born in Russia, came to this country a great many years ago. She married and resided upon five outlying lots, upon one of which were their dwelling and a horse barn. Her husband died, leaving the lots and $500 to her. In 1920 she married Mike Maslof and they lived in her home. They worked at truck gardening and did some farming on a small scale. In March, 1923, she and her husband went to the sales barn of Thomas Bloom in Minneapolis and purchased a pair of gray work horses. There is a sharp conflict in the evidence as to whether she or her husband purchased the team. The sales card was issued in his name. He was unable to write and signed his name by mark. He did not appear or testify as a witness at the trial. One of the horses died and another was purchased from Bloom's barn to replace it. There was a dispute as to whether the wife's money or that of the husband purchased this horse. The team worked about the place and in hauling truck to the market.

In December, 1923, domestic troubles arose, culminating in a divorce the following March. The husband was committed to jail for some reason and was released therefrom on December 1, 1923. He did not return to his home, but went to Mike Vrazick's home to live where he remained until February 7, 1924.

The plaintiff kept the horses in her barn under lock and key and on December 3, 1923, during her absence the lock was pried off and the horses taken. A few days later Mike Vrazick was using

the team. He claimed to have purchased them from the husband, Mike Maslof. The plaintiff went to him and demanded custody of the horses which was refused. Later Vrazick sold the team to George Smith, who in turn sent them to the Bloom barn where one was sold to each of the defendants. The issues were fully and fairly submitted to a jury and separate verdicts returned in each case in favor of the plaintiff, that she was the owner of and entitled to the possession of each horse or its value and assessing each defendant for damages in the sum of $55 for the detention of the property.

Bloom conducted the sale of the horses to appellants and knew at the time that the respondent had been adjudged the owner thereof as between herself and Mike Maslof. We have considered the record in its entirety and have no misgivings about the same making the ownership of the horses a question for the jury.

On December 3, 1923, two days after Mike Maslof was released from jail, the plaintiff went to the Bloom barn to hire the team out to work in the woods for the season. While gone, the team was taken from the barn and next appeared at the Vrazick place. Maslof remained at the Vrazick place until February 7, and on the following day, according to the testimony of Vrazick, the team was sold to Smith, although the bill of sale to Smith bears date December 3, 1923, the very day the team was taken from plaintiff's barn.

We find no merit in the contention that plaintiff is estopped from asserting ownership of the horses because of her delay in bringing legal proceedings to determine that question. She offered to show what efforts had been put forth in that direction, but the offer was rejected because of the objection thereto by the defendants. They should now be content upon that issue.

We discover no proof in the record of misconduct of counsel for plaintiff during the trial, nor are we impressed with the contention that plaintiff is not entitled to damages for the detention of the property in the event of a money judgment. The value of the horses was fixed in the verdict, also the amount of damages for the detention of the property for the period of 11 months. The jury fixed

such damages in each verdict at $55 or about twenty cents per each working day for each horse. We discover no fault with this allowance nor has counsel pointed out any.

Affirmed.

On April 26, 1926, the following opinion was filed:

PER CURIAM.

Upon application for a rehearing, it appears that the words, "although, the bill of sale to Smith bears date of December 3, 1923, the very day the team was taken from plaintiff's barn," should be eliminated from the opinion where the same appears at the end of paragraph 7 of the opinion.

It is so ordered.