## SECURITY STATE BANK OF ELLENDALE v. YENS ANDERSON AND ANOTHER.
## SAME PLAINTIFF v. KNUTE HYLAND.[1]

May 8, 1931.

Nos. 28,325, 28,326.

*Charles Spillane,* for appellants.
*Leach & Leach,* for respondent.

HILTON, J.

Defendants in case No. 28,325 appeal from a judgment.

Case No. 28,326 by stipulation was submitted to the lower court "on the same evidence and the same set of facts" as were presented in No. 28,325. The determination here applies to both cases.

The actions were in claim and delivery (replevin) brought to recover possession of livestock, hay, grain, and farm machinery owned by Anderson and in the possession of Hyland. On January 7, 1928, defendant Anderson gave to plaintiff his note for $881 secured by a mortgage on the above mentioned personal property.

[1]Reported in 236 N. W. 617.

On March 2 Anderson, on his voluntary petition, was adjudged a bankrupt in the federal bankruptcy court of Minnesota. On March 16, $598.77 was unpaid on the note. On that day the replevin action, with a proper bond given, was begun in the district court of Steele county to obtain possession of the property for the purpose of foreclosing the mortgage. The sheriff (Fisher) took the property and held it for the statutory three days in which defendants might rebond and have the property returned. They did not do so. On March 19, the last of the three days mentioned, Fisher was appointed by the bankruptcy court as its trustee and directed to take no further steps with the foreclosure until so ordered.

On March 31 that court by order directed Fisher as trustee to deliver the property to himself as sheriff for sale under the foreclosure and to account to it for the proceeds thereof. On April 9 the sale was had, the property being sold for $610.50, which was disposed of as directed by the bankruptcy court. On June 7 this action, pursuant to notice by defendants, was tried in the state district court. At the trial defendants insisted that the taking was wrongful because the bankruptcy court had the right to the possession of the property.

The judgment from which this appeal was taken among other things recited:

"At the close of the evidence, it having conclusively appeared that all the property in issue was subject to the jurisdiction of the bankruptcy court, the defendant having filed a petition in bankruptcy, and having been adjudged a bankrupt, the [district] court dismissed the action for lack of jurisdiction."

Construing G. S. 1923 (2 Mason, 1927) § 9395, this court has held that "where the prevailing party is not in possession at the time of the trial the judgment must always be in the alternative, that is, for the possession of the property, or the value thereof in case possession cannot be obtained." 5 Dunnell, Minn. Dig. (2 ed.) § 8425, and cases cited.

Defendants complain of the refusal of the court to grant them an alternative judgment and claim that such action was not justified by the evidence and was contrary to law. Under the situation here presented defendants were not entitled to the statutory alternative judgment as prevailing parties. Cases cited by defendants, such as Pabst Brg. Co. v. Butchart, 68 Minn. 303, 71 N. W. 273, and Bradshaw v. Langum, 141 Minn. 39, 169 N. W. 148, present situations where the replevin actions were dismissed (on the merits) because the plaintiff in each had failed to substantiate his cause of action.

Here the dismissal, so-called, was based upon want of jurisdiction in the district court. The bankruptcy court had acquired jurisdiction, and its trustee had taken possession of the property. All acts thereafter done were under the direction and pursuant to the orders of that court. The dismissal of the case from any consideration was nothing more or less than a discontinuance, the district court properly declining to decide either in favor of plaintiff or defendants on the merits. The court left the situation just where it was as regards both the property and the parties to the suit—it merely let go of the whole proposition. That was all the court could rightly do.

Cases where a bankruptcy court having the right to possession of bankrupt property, which was covered by a chattel mortgage and in which the bankruptcy court had not taken possession for the reason that it was deemed there was no equity in the property, are not at all in point. Swaney v. Hasara, 164 Minn. 416, 205 N. W. 274. Here the bankruptcy court through its trustee took possession of the property.

The property could not be returned to Anderson because it had been disposed of to others at the foreclosure sale. Anderson had received credit on his note given to plaintiff for the proceeds of the sale. The contention that he is also entitled to recover $975, the value of the property as stated in the bond, is manifestly untenable.

The foregoing disposes of all matters before us for review.

Affirmed.