## ARNEY LANDY v. THOMAS H. MARTIN AND OTHERS.[1]

No. 30,199.

January 11, 1935.

*Willard A. Rossman,* for appellant.

*A. W. Spellacy,* for respondent.

STONE, JUSTICE.

Action to determine adverse claims to real estate. Plaintiff prevailed below. Defendant Martin alone appeals from the judgment. Another defendant with an admitted lien on the property is not party to the appeal.

Title to a lot which is part of plaintiff's homestead is the subject of the action. It was the homestead of one Seaman for many years before September 7, 1923. On that day was entered and docketed against Seaman the judgment, now owned by plaintiff and under which he claims a lien on and the right to sell the property. The judgment debt was neither for the purchase price of the homestead nor for labor or materials chargeable against it. Plaintiff acquired the title from Seaman after entry of plaintiff's judgment and in November, 1929. The property had ceased to be Seaman's homestead in May, 1928.

October 13, 1923, much less than four months after the entry and docketing of plaintiff's judgment, Seaman filed a voluntary

[1]Reported in 258 N. W. 573.

petition in bankruptcy and was discharged in due course. He scheduled plaintiff's judgment among his liabilities. Plaintiff claims, notwithstanding, that while, as Seaman's homestead, the property was not subject to levy and sale under writ of execution, it was notwithstanding subject to the lien of the judgment, under 2 Mason Minn. St. 1927, §§ 8336 and 9400. See Folsom v. Carli, 5 Minn. 264 (333), 80 Am. D. 429; Tillotson v. Millard, 7 Minn. 419 (513); Burwell v. Tullis, 12 Minn. 486 (572).

The question of statutory construction so presented, while important, is not for decision now because there is, in any view, a fatal obstacle to plaintiff's claim. It is that the judgment under which he claims, having been procured within four months of the institution of the bankruptcy proceeding, was annulled thereby for all purposes under § 67f of the bankruptcy act, 11 USCA, § 107(f). The law is definitely so settled by C. B. & Q. R. Co. v. Hall, 229 U. S. 511, 33 S. Ct. 885, 886, 57 L. ed. 1306. (See also 7 C. J. 198.) Therein § 67f was applied to the garnishment, within the four-month period, of wages of a bankrupt railroad employe which were exempt under applicable state law. The holding was "that § 67f annuls all such liens, * * * both as against the property which the trustee takes * * * and that which may be set aside to the bankrupt as exempt." (The lot now involved was so set aside to Seaman.) That view, said the court [229 U. S. 515], "is supported both by the language of the section and the general policy of the act, which was intended not only to secure equality among creditors, but for the benefit of the debtor in discharging him from his liabilities and enabling him to start afresh with the property set apart to him as exempt. Both of these objects would be defeated if judgments like the present were not annulled, for otherwise" the favored judgment creditors "would not only obtain a preference over other creditors, but would take property which it was the purpose of the bankruptcy act to secure to the debtor."

Therefore, assuming that plaintiff's judgment might have been temporarily a lien upon the Seaman homestead, it was annulled by the institution of the bankruptcy proceeding within the four-

month period, followed in due course by the judgment debtor's discharge.

The judgment is affirmed.

### On Application For Reargument.

On January 24, 1935, the following opinion was filed:

Court—United States Supreme Court—construction of federal bankruptcy act—effect.

STONE, JUSTICE.

Appellant's petition for rehearing is denied. But its dignified and searching character deserves the following comment.

The claim that by the decision in this case we are in effect overruling Swaney v. Hasara, 164 Minn. 416, 205 N. W. 274, at least as to the proposition stated in the fourth paragraph of the syllabus, has this merit. We are dealing with the intention and effect of the federal bankruptcy act as it has been declared by the final arbiter of its construction, the Supreme Court of the United States, in C. B. & Q. R. Co. v. Hall, 229 U. S. 511, 33 S. Ct. 885, 57 L. ed. 1306. Obviously such a construction must prevail over any contrary interpretation.

It is true that Swaney v. Hasara, 164 Minn. 416, 205 N. W. 274, was followed in Martin v. Green Lake State Bank, 166 Minn. 405, 208 N. W. 21. But in that case the trustee not only had never asserted but also had [166 Minn. 406] "expressly renounced all right and title" to the involved land. The more important distinction, emphasized in the closing words of the opinion, is that therein we were [166 Minn. 408] "dealing with nothing which was exempt but with property which was expressly rejected by the trustee, with the approval of the bankruptcy court." It having been declared by the Supreme Court of the United States in the Hall case, 229 U. S. 511, 33 S. Ct. 885, 57 L. ed. 1306, that one purpose of the bankruptcy act was to save to the bankrupt property set aside to him as exempt so that he could start anew therewith, free from liens attempted to be attached thereto during the four months' period preceding his bankruptcy, we are not at liberty to adopt a contrary view.