**David J. Morgan, Trustee, Appellant, v. International Shoe Company, Appellee.**

Opinion filed May 31, 1941.

FORTH, SCHUMAN & FORTH, of Granite City, for appellant.

CHAPMAN & THOMAS, of Alton, for appellee.

MR. JUSTICE DADY delivered the opinion of the court.

This is an appeal by plaintiff from a judgment of the circuit court of Madison county, dismissing a garnishment proceeding brought by the plaintiff against the defendant as garnishee.

On April 8, 1938, the plaintiff obtained a judgment by confession in said court against Joseph J. Ritter for $1,016 and costs. Thereafter an execution was duly issued on such judgment, which execution was duly returned by the sheriff with an endorsement thereon showing the same not satisfied and no property found. Thereafter, pursuant to the Garnishment Act, chapter 62, revised statutes, the plaintiff instituted this garnishment proceeding, basing his cause of action on such judgment. Summons was duly issued in such garnishment proceedings, which summons was duly served on the present defendant on May 31, 1938. On January 9, 1939, an order was entered in said court defaulting the garnishee for want of an appearance or answer.

No further proceedings were had in said cause until April 23, 1940, when the garnishee filed its special appearance and a written motion that such garnishment proceedings be dismissed on the ground that such court was without jurisdiction to render judgment in such garnishment proceeding for the reason that within four months after the date of the judgment entered on April 8, 1938, Ritter was adjudged a bankrupt by the United States District Court and on the date said judgment was entered Ritter was insolvent and said judgment was therefore null and void in so far as the same constituted a lien upon any of the property, assets or choses in action of Ritter; that prior to the adjudication in bankruptcy Ritter filed schedules as required by the Bankruptcy Act, showing that at the time of the adjudication he was insolvent, and stating in his petition that he was an employee of the garnishee; that subsequent to said adjudication the

garnishee, as employer of Ritter, was notified by the referee in bankruptcy of the date of the adjudication of Ritter as a bankrupt, with instructions to the effect that any money due from the garnishee to Ritter be held subject to such order as might be made in the bankruptcy proceeding; that thereafter and on June 29, 1938, the garnishee filed with the referee a statement that there was due to Ritter from the garnishee $24; that the garnishee is still holding said sum subject to the order of the bankruptcy court; that by virtue of the provisions of section 1 of the Garnishment Act a valid judgment against Ritter was a prerequisite to the maintenance of the garnishment proceeding; and that under and by virtue of the provisions of section 67-f of the Bankruptcy Act, any judgment or lien obtained as a result of the garnishment proceeding should be deemed null and void.

On June 10, 1940, the circuit court entered an order granting said motion, discharging the garnishee and dismissing the suit, from which judgment plaintiff brings this appeal.

The foregoing is a fair statement of all the facts material to a decision of this case.

It will be noted that the only parties to the present proceeding are the judgment creditor and the garnishee, and that neither the bankrupt, nor the receiver, nor trustee in bankruptcy is a party. In fact it does not appear that any trustee has been appointed.

The principal question to be decided is whether the facts well pleaded in the garnishee's motion,—assuming such facts to be true,—constitute any defense to this proceeding. A decision of this question depends upon whether section 67-f of the Bankruptcy Act [11 U. S. C. A., section 107 (f)] automatically discharged the lien and effect of the judgment on which the garnishment proceeding is based. Said section 67-f reads as follows: "All . . . judgments . . . or other liens obtained through legal proceedings against a person

who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, . . . shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the . . . judgment, . . . or other lien, . . . shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien, shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid.''

In *Miller v. Barto,* 247 Ill. 104, 110, the court said: ''The provision of the Bankruptcy act by which levies, judgments, attachments or other liens obtained within four months prior to the filing of a petition in bankruptcy are deemed null and void in case the petitioner is adjudged a bankrupt and the property passes to the trustee released from the same is for the benefit of creditors, and liens on the bankrupt's property are not vacated for his benefit. In this case the property never passed to a trustee and nothing ever happened which divested the lien.'' In *Fischer v. Pauline Oil & Gas Co.,* 309 U. S. 294, the court said that expressions might be found in cases decided by Federal courts supporting the view that section 67-f automatically discharged the lien of the levy, irrespective of any action on the part of the trustee in bankruptcy, and that statements squinting in the same direction had been made by the United States Supreme Court, and that some State courts had definitely held that the adjudication operates automatically to nullify the lien either in a direct or collateral proceeding. The United States Supreme Court then went on to say that ''A number of state courts have held, and we think rightly, that the section is intended for the benefit of creditors of the bankrupt and, therefore, does not avoid liens as·

against all the world, but only as against the trustee and those claiming under him. . . . But the lien is not avoided for the benefit of the bankrupt save as to his exempt property or nullified as respects other lienors or third parties.'' The United States Supreme Court then reversed the decision of the Supreme Court of Oklahoma on the sole ground that the latter court had erroneously held that section 67-f automatically discharged the lien. It is our opinion that such holding of the United States Supreme Court is decisive of the question and that the effect of section 67-f is not to avoid the levies and liens therein referred to as against all the world, but only as against the trustee in bankruptcy and those claiming under him, so that the property may pass to and be distributed by him among the creditors of the bankrupt. (See *Frazee v. Nelson,* 179 Mass. 456, 61 N. E. 40; *Swaney v. Hasara,* 164 Minn. 416, 205 N. W. 274.)

The motion to dismiss presented no defense, and the trial court erred in granting such motion and in dismissing the case.

The cause is reversed and remanded to the trial court with directions to that court to strike the motion of the defendant and for further proceedings consistent with this opinion.

*Reversed and remanded with directions.*